UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL JEFFREY MOCK, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-94-HAB-SLC |
| KENTON W. KIRACOFE, et al., | |
| Defendants. | |

OPINION AND ORDER

Michael Jeffrey Mock, a prisoner without a lawyer, filed this lawsuit against a deputy prosecutor and a State court judge. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mock alleges the State court judge presiding over his criminal trial is unfair. Mock does not like the lawyer the judge appointed to represent him. Mock disagrees with the judge's decision to deny him bail and other rulings. Mock objects to the judge's refusal to write back in response to papers sent to him. However, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be

deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Appointing counsel, setting bond, ruling on motions, and deciding how and when to respond to papers sent to him are all within the jurisdiction of a State court judge. Therefore, the judge has immunity and the claim against him must be dismissed.

Mock is also suing a deputy prosecutor who is assigned to one of his criminal cases. He alleges the deputy prosecutor has a conflict of interest and is unfair. However, he does not allege this deputy has done anything other than attend an initial hearing for a different criminal case. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Mock has not alleged the deputy prosecutor has done anything for which he lacks immunity. Therefore, the claim against him must also be dismissed.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Both of these defendants are immune from suit.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the defendants are immune.

SO ORDERED on March 2, 2020.

                                                      s/ Holly A. Brady
                                                     JUDGE HOLLY A. BRADY
                                                     UNITED STATES DISTRICT COURT